[No. 3659.]

MUELLER v. THE PEOPLE.

24   251
124   255
24   520

1. SUNDAY LAW—JURISDICTION.

The general statute against keeping saloons open on Sunday is in force in cities and towns that have assumed under the law the exclusive right to license, regulate or prohibit the sale of liquor within their limits, and the district court has jurisdiction of such offense under the statute.

2. PRESUMPTION.

It will not be presumed that a city or town has accepted or exercised the exclusive power given it to license and regulate saloons, in the absence of proof to that effect.

*Error to the District Court of Lake County.*

Mr. JAMES GLYNN for plaintiff in error.

ATTORNEY GENERAL BYRON L. CARR and ASSISTANT ATTORNEY GENERAL CALVIN E. REED for defendant in error.

MR. JUSTICE CAMPBELL delivered the opinion of the court.

In the district court of Lake county the defendant was informed against for keeping open a saloon in the city of Leadville on Sunday, the 14, day of July, 1895, and was adjudged guilty and sentenced to pay a fine, from which judgment he brings the case here by writ of error.

The sole question is whether the district court had jurisdiction of the offense, or, in other words, whether the general law against keeping saloons open on Sunday is in force in

the city of Leadville.   The statutes governing this question
are section 839 of the General Statutes of 1893 (being sec-
tion 1323 of Mills' Ann. Statutes), paragraph 18 of sec-
tion 3312, General Statutes (Mills', sec. 4403), the so-called
"saloon act" of 1891 (Session Laws of 1891, 315 ; 3 Mills',
sec. 1346 *d* ) ; and the act of 1895 becoming effective June 23
of that year, which amends said paragraph 18.   See Session
Laws of 1895, 221 ( 3 Mills', sec. 4403, p. 1139).   Section 1323
is directed against open lewdness and other acts of public
indecency, and prohibits the keeping open of a tippling house
on Sunday and certain other offenses.    It has been in force
since 1861, and has never been repealed.

Paragraph 18 was passed in 1877, and gives to the city
council and board of trustees in towns organized under the
general municipal corporation act "the exclusive right to
license, regulate or prohibit the selling or giving away of
* * * liquor within the limits of the city or town," etc.
This act was still in force when the law of 1891 was passed,
and so continued (unless impliedly repealed thereby) until
the enactment of the law of 1895, when it was expressly
amended by taking away such exclusive power and giving to
such municipal bodies "the right, *subject to the laws of the
state,* to license," etc., with the proviso, not found in the orig-
inal act, that in the granting of licenses the authorities must
comply with the general law of the state relative to keeping
open saloons on Sunday.

The act of 1891 is a general law, in terms applicable to all
the territory of, and to every locality in, the state.   Section 2
of the act, *inter alia,* provides that "every saloon * * *
where liquors are kept * * * shall be closed and kept closed
* * * on Sunday, or the first day of the week ; " and fixes
a penalty for the violation thereof.   Section 3 enjoins upon
the courts to construe the act liberally, so as to effectuate and
carry out the intent of the legislature in its enactment.   The
act contains no express clause repealing any designated exist-
ing act or any prior inconsistent provisions.

The position of the plaintiff in error is that the act of

1891 does not, by implication, repeal said paragraph 18; that after the passage of the law of 1891, and until the act of 1895 amended it, the city council of Leadville had exclusive power, as it has had since 1877, to regulate the liquor traffic in that city; and that the act of 1891, being thus suspended in its operation within the city, the subsequent repeal, or amendment, of paragraph 18 in 1895, did not have the effect of reviving or extending the general law of 1891, and making it applicable in the city.   As a necessary inference from this contention, he says that the district court did not have jurisdiction of this offense, and that he could be convicted, if at all, only before the police magistrate of the city, under an ordinance providing for such a case.

As we understand it, every contention of the plaintiff in error has been resolved against him by this court in the case of *Heinssen v. The State,* 14 Colo. 228.   If the act of 1891 by implication repealed paragraph 18, then it is conceded that under the foregoing decision the general law at once became operative throughout the state, and the district court therefore had jurisdiction of the offense, and the defendant was properly convicted.

If, upon the other hand, the act of 1891 did not repeal the apparently *inconsistent* provisions of the prior special law contained in paragraph 18, certainly it did not repeal the *consistent* provisions of section 839, nor was it intended to take the place of and supersede said section, which prohibits the keeping open of saloons on Sunday and is directed against other things.   This old act of 1861 became at once operative in the city of Leadville when the act of 1895 took from the city council the exclusive power to regulate the sale of liquor, and required all ordinances of the city to comply with the general law as to Sunday closing, and the prosecution of the defendant may well be predicated upon and justified under it.

We may go further than this, for, in accordance with the ruling in the *Heinssen Case, supra,* if the act of 1891 did not repeal paragraph 18, and if the exclusive power to regulate the sale of liquor belonged to the city council until the act

of 1895 took effect, still when this latter act did become effective and withdrew from the city council the exclusive power, then the general law of 1891 at once became operative throughout the entire state, and brought the city within its provisions.

An additional reason for affirming this particular judgment is found in the fact that there is no proof in the record that the city of Leadville ever accepted or exercised the exclusive power and authority given it by paragraph 18 to license and regulate saloons. Unless there has been an acceptance and exercise of such power, the general law of the state has at all times since its enactment been operative in the city of Leadville ; and in the absence of proper proof that the city council so acted, we are not at liberty to presume that it did.

After a careful consideration of these various statutes, we are satisfied that it was the intention of the general assembly to subject municipal corporations organized under the general laws of the state to the general statutory provisions relative to the keeping open of saloons on Sunday. By a fair interpretation of these laws and in accordance with salutary rules of construction, as conclusively shown in the opinion of Mr. Justice Hayt in the *Heinssen Case, supra,* we are able to effectuate that intention. It follows that the judgment of the district court should be affirmed, and it is so ordered.

*Affirmed.*